UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-177 |
| | ) | (VARLAN/GUYTON) |
| DANNY J. BURNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate.

This matter came before the Court on December 3, 2008 for consideration of the defendant's oral motion for a competency evaluation, and on the notice of intent to assert an insanity defense [Doc. 6]. Assistant United States Attorney Kelly Norris was present for the government. Assistant Federal Defender Kim Tollison was present for the defendant, who was also present. The government stated that it does not object to the said motion, and the government made an oral motion for an insanity evaluation. Accordingly, the Court GRANTS the defendant's oral motion, and the government's oral motion, and it is hereby ORDERED, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b) and 4247(c), of the United States Code, as follows:

1. The defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatrists and/or clinical psychologists. Once designation of the facility is received, the

1

defendant shall be transported by the United States Marshal's office to such facility.

2. The purpose of the evaluation shall be:

   a. for conducting psychiatric and/or psychological examinations by one or more licensed or certified psychiatrists and/or clinical psychologists;

   b. for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   c. for the purpose of determining whether at the time of the offense charged, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

3. Pursuant to Rule 12.2(c), the defendant is to submit to such examinations as ordered above.

4. The defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

5. The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the defendant and counsel for the United States, and said report shall include:

a. defendant's history and present symptoms;

b. description of the psychiatric and/or psychological and medical tests that were employed and their results;

c. examiners' findings;

d. examiners's opinions as to diagnosis and prognosis, and

   i) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

ii) whether at the time of the offense charged, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

6. Pursuant to Title 18, Section 4247(b), the United States Code, the defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed FORTY-FIVE (45) DAYS, unless otherwise ordered by the Court.

7. That the defendant be FORTHWITH RETURNED to the custody of the United States Marshal no later than the expiration of the forty-five (45) day period, for the defendant's prompt return to this District.

8. The undersigned will conduct a status conference on this matter, for the purpose of scheduling a competency hearing, on **March 4, 2009 at 11:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge