UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-177 |
| | ) | (VARLAN/GUYTON) |
| DANNY J. BURNETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the Defendant's *pro se* Motion to Remove Counsel [Doc. 23], filed on October 19, 2009, and referred to the undersigned on October 21, 2009 [Doc. 24] pursuant to 28 U.S.C. § 636(b). The parties appeared before the undersigned on November 2, 2009, for a hearing on the Defendant's motion. Assistant United States Attorney Kelly Ann Norris appeared on behalf of the Government. Attorney Kim Tollison, appointed counsel for the Defendant, was present, as was the Defendant.

The Defendant's motion asks the Court to appoint him new counsel to replace Attorney Tollison. The Defendant states that he believes that Attorney Tollison has not adequately assisted him in obtaining and reviewing a copy of his pre-sentencing report. The Defendant also states that he has experienced a "complete loss of trust" in Attorney Tollison's ability to represent him. At the November 2 hearing, Attorney Tollison explained that the United States Probation Office had not yet completed the Defendant's pre-sentence report. He stated that he was unaware of the basis for the Defendant's other complaints about his representation.

The Government took no position on the Defendant's motion. The Court asked the Government to leave the courtroom and conducted a sealed, *ex parte* hearing to inquire into the

reasons for the Defendant's dissatisfaction with his representation by Attorney Tollison. The Court heard confidential statements from Attorney Tollison and the Defendant in order to determine whether good cause for the appointment of new counsel exists in this case. The rule in this Circuit is that a defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the statements of Attorney Tollison and the Defendant in the *ex parte* hearing, the Court finds that the trust vital to the attorney-client relationship between Attorney Tollison and the Defendant is not irreparably and irretrievably broken. The Court also finds that there is no conflict of interest and that Attorney Tollison and the Defendant are able to communicate with each other effectively.

After carefully considering the positions of the Defendant, defense counsel, and the Government, the Court concludes that the Defendant's motion is not well-taken and that no cause exists to substitute new counsel for Attorney Tollison. The Defendant's *pro se* Motion to Remove Counsel **[Doc. 23]** is **DENIED**, and Attorney Tollison will continue as appointed counsel of record for the Defendant.

It is **ORDERED**:

(1) The Defendant's *pro se* Motion to Remove Counsel **[Doc. 23]** is **DENIED**; and

(2) Attorney Kim Tollison will continue as the Defendant's counsel of record.

**IT IS SO ORDERED.**

                                              ENTER:

                                              s/ H. Bruce Guyton
                                              United States Magistrate Judge